```
                   UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

JOVINO RODRIGUEZ,             )
                              )
         Plaintiff            )
                              )
     v.                       )   Case No. 2:04 cv 381
                              )
JO ANNE B. BARNHART,          )
Commissioner of Social Security,)
                              )
         Defendants           )

<u>OPINION AND ORDER</u>

This matter is before the court on the Application for Attorneys' Fees Under the Equal Access to Justice Act and For Entry of Final Judgment Order filed by the plaintiff, Jovino Rodriguez, on May 1, 2006. For the reasons set forth below, this motion is **DENIED**.

<u>Background</u>

On September 16, 2004, Jovino Rodriguez filed a complaint in this court seeking review of an unfavorable disability determination by the Commissioner of Social Security. On January 31, 2006, this court rejected Rodriguez's arguments as meritless and affirmed the Administrative Law Judge's decision in nearly all respects, including a substantial portion of the ALJ's credibility determination. (Order, pp. 17-19) However, the court remanded this case for further evaluation because the ALJ failed to make an inquiry into Rodriguez's reasons for not taking his medications or complying with his diabetic diet. (Order, p. 19) While noting that the evidence contradicted Rodriguez's allegation that

he lacked sufficient funds for treatment, this court was constrained to follow Seventh Circuit precedent strictly upholding an ALJ's duty to solicit an explanation for a plaintiff's noncompliance with his prescribed course of care. (Order, p. 20) Based solely on the ALJ's procedural misstep, this court ordered a limited remand so that an inquiry could be made. The court otherwise affirmed the ALJ's decision. (Order, p. 20)

On May 1, 2006, Rodriguez timely filed a motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412, after this court's order became final and unappealable. *See* 28 U.S.C. §2412(d)(2)(G); Federal Rule of Appellate Procedure 4(a).  He seeks $8,024.75, representing $2,734.75 for 17.55 attorney hours and $5,290 for 52.90 paralegal and law clerk hours spent on the case.  He also seeks an additional $965 for time spent on the briefs in support of this application.

## Discussion

First, the court notes that 52.9 law clerk and paralegal hours, on top of 17.55 attorney hours, is excessive for this case. The record was not even 200 pages in volume and contained scant medical evidence. The two objections presented to this court, "the ALJ's failure to incorporate all of Rodriguez's disabilities into his hypothetical and subsequent job determination, and an improper credibility finding", are straightforward, uncomplicated legal issues.  It is questionable why nearly double the number of attorney and law clerk hours would be spent on this case when the same firm has spent less time on more complicated

2

cases with significantly larger records.  *See, e.g.*, **Harris v. Barnhart**, 2:04 CV 341 (N.D. Ind. 2004) (44.85 attorney and law clerk hours and 450 page record).  However, the court need not calculate an appropriate reduction in fees because the Commissioner's position was substantially justified.

The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified, or that special circumstances make the award unjust." 28 U.S.C. §2412(d)(1)(A). *See also* **Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-24 (7th Cir. 2004).  The Commissioner's position is substantially justified if it is "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person." **Pierce v. Underwood**, 487 U.S. 552, 555 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). *See also* **Jean**, 496 U.S. at 158 n.6, 110 S.Ct. at 2319 n.6.  According to the Supreme Court, the question of substantial justification is "not what the law now is, but what the Government was substantially justified in believing it to have been."  **Pierce**, 487 U.S. at 561, 108 S.Ct. at 2548.  In making this determination, the trial court must consider whether the Commissioner's "position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal

3

theory advanced." *Golembiewski*, 382 F.3d at 724; *United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000). The Commissioner carries the burden of proof to show that her position was substantially justified. *Golembiewski*, 382 F.3d at 724.

Rodriguez accuses the Commissioner of argument counting, but also asserts that he is entitled to EAJA fees if he prevails on a single issue or on a single error of law by the Commissioner. *(*Opening Brief, p. 4)  The Seventh Circuit follows a "totality of the circumstances" approach to assessing EAJA fees.  *Greer v. Apfel*, No. 98-2862, 1998 WL 846849, at *4 (7th Cir. Nov. 24, 1998) ("[T]he proper inquiry involves an assessment of the entire civil litigation and a determination of whether, overall, the government's position was substantially justified."). *See also Jackson v. Chater*, 94 F.3d 274, 278 (7th Cir. 1996).  Accordingly, the Seventh Circuit explicitly has rejected the contention that a plaintiff "need only prevail on one issue to be awarded EAJA fees." *Greer*, 1998 WL 846849, at *4. Furthermore, the Seventh Circuit has declined to find that every error of law warrants an EAJA award.  *See, e.g., Greer*, 1998 WL 845849, at *4 (distinguishing situations in which the law is well-settled from those in which the Commissioner must address emerging law); *Jackson*, 94 F.3d at 279-80;  *Accord Golembiewski,* 382 F.3d at 725; *Hallmark*, 200 F.3d at 1079.

While it is true that the ALJ's failure to follow established law can form the basis of an EAJA award, Rodriguez makes

4

too much of this general rule as applied to this case. The "strong language . . . in an opinion discussing the merits of a key issue," which the Seventh Circuit has found to weigh in favor of an award, is totally lacking here. *Golembiewski*, 382 F.3d at 724. This case is not even one in which the ALJ failed to make an inquiry into the plaintiff's noncompliance when the record otherwise was silent.  Rather, the evidence of record contradicted the plaintiff's stated reason for noncompliance.  (Opinion, p. 20) In the end, this court upheld the Commissioner's position on virtually every issue but remanded out of an abundance of caution so that an inquiry could be made on Rodriguez's failure to comply with his care.  Under these circumstances, the Commissioner's position was substantially justified.

_____

For the foregoing reasons, the Application for Attorneys' Fees Under the Equal Access to Justice Act and For Entry of Final Judgment Order filed by the plaintiff, Jovino Rodriguez, on May 1, 2006 is **DENIED**.

ENTERED this 27th day of July, 2006

s/ ANDREW P. RODOVICH
United States Magistrate Judge

5